UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL S. JENSEN**, <br><br> Plaintiff, <br><br> v. <br><br> **DEPARTMENT OF THE NAVY**, <br><br> Defendant. | Case No. 1:25-cv-1908 (TNM) |

### MEMORANDUM ORDER

The U.S. Naval Academy expelled Michael Jensen two years ago. Since then, Jensen has tried to collect records related to that decision. He began by sending Freedom of Information Act and Privacy Act requests to several Navy entities. Dissatisfied with the responses he received, Jensen turned to federal court. He asks the Court to order the agencies to provide the records he seeks, citing FOIA, the Privacy Act, and a slew of other statutes. The Department of the Navy moves to dismiss all but the FOIA claims. Because Jensen failed to exhaust his Privacy Act claims and because FOIA offers an adequate alternative remedy to any other claim, the Court grants that motion.

I.

A few years ago, a Naval Academy midshipman accused fellow midshipman Michael Jensen of misconduct. *See* 2d Am. Compl. ¶ 11, ECF No. 34. The Academy convened a disciplinary proceeding that led to Jensen's expulsion. *Id.* ¶ 8. Jensen then began exploring civil claims against the Navy. *See id.* ¶ 9. As part of his preparation, he gathered records from the disciplinary process. *Id.* Jensen's Navy defense counsel turned over an initial tranche of documents, but notable gaps existed. *See id.* ¶¶ 9, 11–13.

1

To get those missing records, Jensen filed four FOIA and Privacy Act requests. He sent his first two requests in April 2024—one each to the Naval Criminal Investigative Services ("NCIS") and the Academy. *See id.* ¶¶ 18, 19. NCIS responded after a month and later supplemented its response. *Id.* ¶¶ 21, 27. While waiting for the Academy's response to the first request, Jensen filed two more. *Id.* ¶¶ 22–23; *see id.* ¶ 28. In June, Jensen asked the Navy Legal Service Command for documents and got a response two months later. *Id.* ¶¶ 22, 24. And in August, Jensen filed another request with the Academy. *Id.* ¶ 23.

In September, with two requests to the Academy outstanding, Jensen turned to federal court. *See id.* ¶ 26. He began in the District of Maryland as part of a larger case against the Navy. *See* Compl., ECF No. 1. Shortly after filing suit, Jensen finally heard from the Academy. *See* 2d Am. Compl. ¶¶ 27–28. In response to Jensen's initial request, the Academy released several hundred pages of records, made some withholdings, and referred other materials to NCIS "for processing and direct release." *Id.* ¶ 28. As for the second request, the Academy forwarded it to NCIS, which responded days later. *Id.* ¶ 27. Still, Jensen lacked the documents he wanted most, so the lawsuit continued.

The parties eventually agreed to sever Jensen's case and transfer it here. *See* Order Granting Consent Mot. to Sever, ECF No. 29. Jensen then filed his operative Complaint. 2d Am. Compl., ECF No. 34. It primarily alleges Privacy Act and FOIA violations, but it also invokes "the Administrative Procedure Act, 5 U.S.C. §§ 701–706, the Mandamus and Venue Act, 28 U.S.C. § 1361, the All Writs Act, 28 U.S.C. § 1651, and the Declaratory Judgment Act, 28 U.S.C. § 2201." 2d Am. Compl. ¶ 2. The Navy now seeks dismissal of all but the FOIA claims. Mot. to Dismiss ("Mot."), ECF No. 35. That motion is ripe.

## II.

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff must show that the Court has subject matter jurisdiction over his claims. *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). If the Court determines that it lacks jurisdiction, it must dismiss the claim or action. Fed. R. Civ. P. 12(b)(1), 12(h)(3). Courts closely scrutinize plaintiffs' factual allegations under Rule 12(b)(1) to ensure that jurisdiction is proper. *See Nepal v. Dep't of State*, 602 F. Supp. 3d 115, 123 (D.D.C. 2022).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017) (cleaned up). That standard demands "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts the complaint's factual allegations as true and grants the plaintiff "all inferences that can be derived from the facts alleged." *L. Xia v. Tillerson*, 865 F.3d 643, 649 (D.C. Cir. 2017) (cleaned up).

## III.

The Navy moves to dismiss all of Jensen's claims except those that arise under FOIA. Focusing primarily on the Privacy Act claims, the Navy argues that Jensen's failure to exhaust administrative remedies dooms these claims. As for the rest, the Navy says those claims fail because FOIA supplies the appropriate pathway for seeking the records. Though the Navy incorrectly describes the Privacy Act's exhaustion requirement as jurisdictional, it is ultimately correct that Jensen's non-FOIA claims require dismissal.

### A.

Consider first the Privacy Act claims. The Privacy Act gives an individual a right to access most records that an agency maintains about him. 5 U.S.C. § 552a(d)(1). If an agency "refuses to comply with an individual request" for records, the individual may sue in federal district court. *Id.* § 552a(g)(1)(B). Jensen's reliance on that cause of action here is premature.[1] Because Jensen failed to exhaust his administrative remedies, the Court dismisses his Privacy Act claims under Rule 12(b)(6).

"A person seeking judicial review of an agency's handling of his or her Privacy Act request must actually exhaust the available administrative remedies." *Barouch v. Dep't of Justice*, 962 F. Supp. 2d 30, 67 (D.D.C. 2013) (cleaned up). That applies to record-access claims like Jensen's. *See* 5 U.S.C. § 552a(g)(1)(B). In the D.C. Circuit's words, Jensen "must initially seek . . . access from the agency and even seek review within the agency before coming to court." *Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990). That follows from the fact that the statute requires agencies to adopt procedures for reviewing requests, including "for an appeal within the agency of an initial adverse agency determination." 5 U.S.C. § 552a(f)(4).

Jensen does not deny the exhaustion requirement. *See* Opp. to Mot. to Dismiss ("Opp.") at 9–12, ECF No. 38. And he admits that he did not pursue the appellate process the Department of Defense makes available for Privacy Act requests. *See id.*; 32 C.F.R. § 310.6. Instead, Jensen

---

[1] The Complaint cites both the Privacy Act's record-access cause of action, 5 U.S.C. § 552a(g)(1)(B), and its catch-all cause of action, *id.* § 552a(g)(1)(D); *see* 2d Am. Compl. ¶ 68. But, as the Navy points out, the Privacy Act's catch-all provision applies only when another cause of action does not. *See* Mot. at 17–21. Jensen ignores this argument and focuses on § 552a(g)(1)(B) in his brief. The Court follows suit. By failing to respond to the Navy's argument, Jensen concedes any argument that § 552a(g)(1)(D) permits his suit. *See* LCvR 7(b); *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014).

offers a narrow defense: The Privacy Act's exhaustion requirement is not jurisdictional, so the Court should excuse it here. Opp. at 5–14.

Jensen's premise is correct, but his conclusion does not follow. The exhaustion requirement for a record-access claim is best understood as a prudential one. True, some courts have deemed exhaustion a jurisdictional requirement for a record-access Privacy Act claim. *See, e.g.*, *Stein v. SEC*, 266 F. Supp. 3d 326, 336 (D.D.C. 2017); Reply at 3–6, ECF No. 41 (collecting cases). "But the D.C. Circuit has never gone that far." *Bain v. Off. of Att'y Gen.*, 648 F. Supp. 3d 19, 42 (D.D.C. 2022). Precedent requires exhaustion but remains silent on whether that requirement is jurisdictional. *See Haase*, 893 F.2d at 373; *Nagel v. U.S. Dep't of Health, Educ. & Welfare*, 725 F.2d 1438, 1441 (D.C. Cir. 1984).

Without binding precedent requiring the Court to consider exhaustion a jurisdictional prerequisite, the Court concludes that exhaustion is non-jurisdictional. *Accord Bain*, 648 F. Supp. 3d at 41–42. The term "exhaustion" refers to two distinct concepts that are sometimes confused. *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). First, Congress itself can "require[] resort to the administrative process as a predicate to judicial review." *Id.* An exhaustion requirement of this sort means that a court lacks jurisdiction to hear a claim unless the plaintiff has proceeded through the appropriate administrative channels. *Id.* Although courts historically readily inferred such requirements, modern cases make clear that jurisdictional exhaustion exists only when created by "sweeping and direct statutory language." *Id.* at 1248 (cleaned up); *see Fort Bend Cnty. v. Davis*, 587 U.S. 541, 547–50 (2019) (emphasizing the need for caution in declaring a requirement jurisdictional).

When no such language exists, the second type of exhaustion comes into play. It is a "judicially created doctrine" that requires parties to "exhaust available administrative remedies

5

before bringing their case to court." *Avocados Plus*, 370 F.3d at 1247. Prudential exhaustion requirements prevent premature interference with agency process, give parties and the courts the benefit of the agency's experience and expertise, and allow for the compilation of an adequate record for review. *See Wonders v. Dep't of the Army Off. of Gen. Couns.,* 749 F. Supp. 3d 122, 130 (D.D.C. 2024), *aff'd,* 2025 WL 717386 (D.C. Cir. Feb. 28, 2025). Unlike jurisdictional exhaustion, however, it may be waived in appropriate circumstances. *See id.* at 131. Courts presume exhaustion of this stripe when the statute creates an administrative remedy and lacks "clear, unequivocal" language making exhaustion a jurisdictional prerequisite. *Avocados Plus*, 370 F.3d at 1248 (cleaned up).

The language in the Privacy Act creating the record-access cause of action lends itself to this latter kind of exhaustion. The statute does not include the "clear, unequivocal" language mandating exhaustion that triggers jurisdictional limitations. *Id.* (cleaned up). The Act instead nods to administrative exhaustion by creating a cause of action for a record-access claim only once the agency has "refuse[d]" to comply with its obligations, 5 U.S.C. § 552a(g)(1)(B), and separately requiring agencies to implement procedures for handling access requests, *id.* § 552a(e). Subtle language like this signals a prudential limit. *See Avocados Plus*, 370 F.3d at 1248.

But that conclusion does not save Jensen. Exhaustion is still a prudential precondition for a record-access claim. *See Haase*, 893 F.2d at 373. Jensen insists that exhaustion would have been futile, Opp. at 12, but neither of his two arguments on that front justify excusing his failure to exhaust administrative remedies.

Jensen first presents administrative review as out of reach. He points out that the relevant regulation permits review of the "*denial* of a request for access to records," 32 C.F.R. § 310.6(c)

6

(emphasis added), and notes that the Academy had not responded to two requests when he filed suit, Opp. at 11.  This excuse paints an incomplete picture.  Jensen does not dispute that he received two "adverse determination[s] denying the request[s]" before the lawsuit that he could have appealed.  32 C.F.R. § 310.6(a); *see* 2d Am. Compl. ¶¶ 21, 24; Opp. at 11–12.  And because Jensen's requests are all related, administrative review of the ripe requests might have solved his problems.  Indeed, administrative review by a central authority is particularly suited to remedying the bureaucratic run-around Jensen encountered when trying to determine which Navy sub-component had his records.  *See, e.g.*, 2d Am. Compl. ¶ 14; Opp. at 4.  More, the Academy eventually responded to the outstanding requests.  2d Am. Compl. ¶¶ 27, 28.  But Jensen did not appeal those denials either.

This leads to Jensen's second excuse.  He argues he could not pursue administrative recourse after he received the final responses because he had filed a lawsuit by that point, and Department policy says that "[a]n appeal ordinarily will not be acted on if the request becomes a matter of litigation."  32 C.F.R. § 310.6(d); *see* Opp. at 11–12.  The premise of this point is that an individual can shortcut the administrative process by racing to the federal courthouse.  Opp. at 11–12.  Not so.  The administrative exhaustion requirement "giv[es] agencies the opportunity to correct their own errors" and "afford[s] parties and courts the benefits of agencies' expertise."  *Avocados Plus*, 370 F.3d at 1247.  A quick filing that obviates those benefits makes no sense.

In short, Jensen offers no good reason for failing to exhaust his administrative remedies.  So his Privacy Act claims must be dismissed under Rule 12(b)(6).  *Accord Bain*, 648 F. Supp. 3d at 43.

7

**B.**

Turn now to Jensen's remaining non-FOIA claims. The Complaint cites the APA, the Mandamus and Venue Act, the All Writs Act, and the Declaratory Judgment Act as alternative authorities for Jensen's claims. 2d Am. Compl. ¶ 2. But Jensen has not stated a claim under any of these statutes. And, in any event, he has forfeited such claims by failing to respond to the Department's arguments for dismissal.

Jensen cannot recover under any of these statutes because FOIA offers him a pathway to the records he seeks. Start with the APA. That statute offers a cause of action only if "no other adequate remedy in a court" exists. 5 U.S.C. § 704. And FOIA provides an adequate remedy to someone seeking government records. *See Elec. Priv. Info. Ctr. v. IRS*, 910 F.3d 1232, 1244 (D.C. Cir. 2018). Of course, Jensen's search for government records is the entire point of this suit. *See* 2d Am. Compl. at 21–23. So any APA claim must be dismissed for failure to state a claim. *See Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 620 (D.C. Cir. 2017) (indicating that the APA's "adequate remedy bar" should be understood "as a requirement for a cause of action," not a jurisdictional demand). Possible FOIA relief also forecloses Jensen's claims under the All Writs Act and the Declaratory Judgment Act. *See Isiwele v. Dep't of Health & Hum. Servs.*, 85 F. Supp. 3d 337, 352–53 (D.D.C. 2015). And the same is true of the mandamus claim—though the flaw is jurisdictional for this claim. *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016) (describing plaintiff's burden to show that "no adequate alternative remedy exists" as a jurisdictional requirement for a mandamus claim).

More, Jensen's failure to respond to the Navy's arguments independently requires dismissal of these claims. Jensen does not address the Department's argument that the non-Privacy Act, non-FOIA claims fail because FOIA supplies an adequate remedy. *Compare* Mot.

at 21–25 *with* Opp. at 14–15.  He instead offers a "stipulat[ion] that these causes of action need not be maintained" if the Court allows his Privacy Act claims to proceed.  Opp. at 15.  That will not do.  Jensen's silence operates as a concession.  *See, e.g.*, LCvR 7(b); *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014).  That provides another reason to dismiss these miscellaneous claims.

### IV.

To sum up where things stand, Jensen's FOIA claims are all that remain.  The Court dismisses with prejudice his Privacy Act claims for failure to state a claim.  His APA, Declaratory Judgment Act, and All Writs Act claims are likewise dismissed with prejudice.  And, finally, the mandamus claim is dismissed without prejudice.  Accordingly, it is

**ORDERED** that the Department's [35] Partial Motion to Dismiss is GRANTED; it is also

**ORDERED** that the Department answer the remaining operative Complaint within 14 days of this Order.

**SO ORDERED**.

Dated:  February 24, 2026                          TREVOR N. McFADDEN, U.S.D.J.